UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE McNEIL KNOX, )<br>)<br>       Plaintiff )<br>)<br>  v. )<br>)<br>FORT WAYNE POLICE DEPT. and )<br>OFFICER KIM SEISS, )<br>)<br>       Defendants ) | CAUSE NO. 1:09-CV-292 RM |

OPINION AND ORDER

Eddie McNeil Knox, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. . . .
>
> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Ashcroft v. Iqbal, 556 U.S.---; 129 S. Ct. 1937, 1949-50 (2009).

To state a claim under § 1983, a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). Mr. Knox brings claims against the Fort Wayne Police Department and Officer Kim Seiss for allegedly involving him in a controlled drug buy. He asserts that the defendants put his life in danger when they "brought [him] into this life changing drama," thereby violating his constitutional right to "be able to enjoy my life and freedom." (DE 1 at 4.)

Claims under § 1983 must be based on the violation of a federal right. Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001). Mere exposure to potentially unsafe conditions doesn't state a claim, and the fear of potential harm isn't actionable under § 1983. Doe v. Welborn, 110 F.3d 520, 523-24 (7th Cir. 1997). Fear of potential harm is all that Mr. Knox alleges in his complaint. Even if Mr. Knox's allegations could be construed to violate a

2

federal right, without actual injury caused by the defendant's actions or omissions, Mr. Knox does not state a claim. Walker v. Peters, 233 F.3d 494, 502 (7th Cir. 2000); 42 U.S.C. § 1997e(e).

For the foregoing reasons, the Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: November  3 , 2009

/s/ Robert L. Miller, Jr.  
Chief Judge  
United States District Court

cc: E. Knox